PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:22CR380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ALPHONSO MCPHERSON, | ) | |
| | ) | **ORDER** |
| | ) | [Resolving ECF No. 73] |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Alphonso McPherson's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 73). The Government filed a response in opposition. ECF No. 114. The Court has reviewed the parties' filings, exhibits, and the applicable law. For the reasons stated below, Defendant's Motion for Sentence Reduction is denied.

**I.      Background**

On July 14, 2022, a federal grand jury indicted Defendant with two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i). *See* Indictment (ECF No. 14). On May 31, 2023, Defendant pled guilty, pursuant to a plea agreement. *See* Plea Agreement (ECF No. 53). On September 12, 2023, the Court sentenced Defendant to the custody of the Bureau of Prisons ("BOP") for concurrent terms of 40 months of incarceration. *See* Criminal

(1:22CR380)

Judgement (ECF No. 62) at PageID #: 295. Upon release, Defendant will serve a term of supervised release for concurrent terms of 3 years for Counts 1, 2, and 3, and 5 years for Count 4. ECF No. 62 at PageID #: 296. Defendant is 35 years old and serving his sentence at Allenwood Medium FCI.[1]

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or the defendant. The Sixth Circuit provides that district courts must follow a "three-step test" for determining whether to grant a defendant's motion for compassionate release. *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*Id.* at 1107-08 (alterations and emphasis in original) (citations omitted).

A defendant is eligible to seek compassionate release from a court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or thirty days have elapsed since requesting that the warden of his facility initiate such action. 18 U.S.C. §

---

[1] Defendant's anticipated release date is November 17, 2026. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited March 13, 2025).

2

(1:22CR380)

3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.")

In 2023, the Sentencing Commission amended United States Sentencing Guidelines § 1B1.13, the applicable policy statement, to align with the passage of the First Step Act. As a result, district courts analyzing motions filed by prisoners after November 1, 2023, consider § 1B1.13 in their analysis. United States v. Whitworth, No. 1:23CR0561-4, 2023 WL 8190131, at *2 (N.D. Ohio Nov. 27, 2023) ("A new United States Sentencing Commission policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates after November 1, 2023."); United States v. Harris, No. 23-5187, 2023 WL 10294625, at *2 (6th Cir. Dec. 4, 2023) (considering the updated policy statement). As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)-(5).

### A. Exhaustion

As earlier indicated, a criminal defendant may move for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Defendant purportedly submitted a request for compassionate release to the warden on December 4, 2023. See Gov. Response in Opp'n to Mot. for Compassionate Release (ECF No. 78) at

3

(1:22CR380)

PageID #: 369 n.1 (claiming that "Defendant appears to have satisfied the exhaustion requirement, based on his letter to the warden of his facility on December 4, 2023."). While Defendant did not provide a copy of his request to the Warden or any response to the Court, the Government clarifies that it will not contest the exhaustion requirement. (ECF No. 78) at PageID #: 369 n.1.[2] For this reason, the Court accepts without deciding that Defendant has exhausted his administrative remedies and address the merits of Defendant's request.

### B. Extraordinary and Compelling Reasons

Defendant avers that his sickle cell disease, requiring frequent hospital visits from painful episodes, constitutes an extraordinary and compelling reason entitling his relief. *See* Suppl. To Mot. for Compassionate Release (ECF No. 74) at PageID #: 344. Defendant maintains that his "frequent painful episodes" has led him to be admitted to the hospital several times, which "makes his time in custody significantly more onerous and painful that it is for the average inmate." ECF No. 74 at PageID #: 344. Sometimes, Defendant has rated those painful episodes as a 10 out of 10 on a pain scale to the BOP's Health Services. ECF No. 74 at PageID #: 344.

The Government responds that Defendant's medical condition, which the Court has known since 2023, is not an extraordinary reason, because it does not meet any of the categories set forth in U.S.S.G. § 1B1.13(b)(1)(A), (B), & (C). *See* ECF No. 78 at PageID #: 369. The Government acknowledges the severity of Defendant's condition, but retorts that his chronic disease does not entitle him to the relief he seeks, considering that he does not have a terminal

---

[2] The Sixth Circuit determined that the failure to exhaust the administrative exhaustion requirement does not deprive the Court of subject-matter jurisdiction. *Alam*, 690 F.3d at 833. Instead, the exhaustion requirement is subject to the mandatory claim-processing rule. *Id.* at 834. Because the Government concedes the exhaustion requirement, the Court will accept it as true.

(1:22CR380)

medical condition, his medical condition does not render him incapable of self-care, and the BOP has given him timely and consistent care. ECF No. 78 at PageID #: 369-70.

Under the Guidelines, medical circumstances will become an extraordinary and compelling reason if they meet any of the conditions set forth below:

> **(1)** *Medical Condition of the Defendant*.--
>
> **(A)** The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> **(B)** The defendant is
>     **(i)** suffering from a serious physical or medical condition,
>     **(ii)** suffering from a serious functional or cognitive impairment, or
>     **(iii)** experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

*See* U.S.S.G. § 1B1.13(b)(1)(A)-(C). [3]

While Defendant does not base any of his arguments on a specific subsection of the policy statement, the Court finds that Defendant's medical condition does not warrant

---

[3] The Court does not acknowledge subsection D, because Defendant does allege any facts relating to an ongoing outbreak of an infectious disease, or public health emergency at the facility he resides. *See* U.S.S.G. § 1B1.13(b)(1)(D).

5

(1:22CR380)

extraordinary and compelling circumstances, because his condition does not meet any of the medical-based grounds outlined in U.S.S.G. § 1B1.13(b)(1) or other pertinent considerations.

 Defendant does not have a terminal illness. While Defendant's medical condition causes painful episodes, Defendant does not assert any of the enumerated medical conditions that are analogous to the ones enumerated in the policy statement, nor that he is suffering from any terminal illness, or otherwise applicable end-of-life condition. *See* U.S.S.G. § 1B1.13(b)(1)(A). Furthermore, at the time of sentencing, the Court knew of Defendant's medical condition, and designated him to a facility that would assist with his condition. *See* Presentence Report (ECF No. 57) at PageID #: 254; *see also* ECF No. 62 at PageID #: 295 (designating Defendant to a federal medical facility due to his ongoing medical needs).

 Defendant also fails to demonstrate that his condition "substantially diminishes" his ability to provide self-care while incarcerated. Instead, Defendant's medical records suggests that he has been able to manage his care with help from the BOP medical personnel. *See United States v. Littles*, No. 15-20317, 2024 WL 5337831, at *5-6 (E.D. Mich. Dec. 17, 2024) (finding no extraordinary and compelling relief from the defendant suffering from urethral strictures that caused him "excruciating[] pain", or his osteoarthritic knee pain that rendered him unable to walk without a limp, because his medical conditions did not "appear to require a level of care that the BOP cannot provide."). Defendant maintains that his condition cannot" be managed by the BOP without outside help[,] but the Court is unconvinced. *See* ECF No. 74 at PageID #: 345. Defendant's struggles are exacerbated by his noncompliance and argumentation with medical staff (ECF No. 79-1 at PageID #: 409, 450, 454, 473, 505), failure to take medications (ECF No. 73-1 at PageID #: 394, 397, 407), and the skipping of medical appointments (ECF No. 79-1 at PageID #: 421 and 425).

6

(1:22CR380)

The BOP also has "consistently identified and managed his medical needs." *See* United States v. Allen, No. 3:12-CR-90-TAV-HBG, 2025 WL 409797, at *4 (E.D. Tenn. Feb. 5, 2025) (finding defendant's chronic medical condition did not amount to extraordinary and compelling reasons warranting her release, because "[t]he extensive medical records submitted to the Court demonstrate frequent BOP clinical encounters with defendant during which medical personnel have provided treatment via medication."). The records reveals that the BOP has provided suitable and appropriate care for Defendant. *See e.g.*, ECF No. 79-1 at PageID #: 380 (indicating that medication has been helping); ECF No. 79-1 at PageID #: 396 (scheduling Defendant with testing); ECF No. 71-1 at PageID #: 408-09 (performing x-rays); ECF No. 79-1 at PageID #: 420 (indicating that the BOP monitors Defendant's bloodwork monthly).

Because Defendant failed to provide sufficient evidence to meet the medical-based grounds in the Guidelines, the Court finds that Defendant's medical condition is not an extraordinary and compelling circumstance.

### C. 18 U.S.C. § 3553(a) Factors

Because the Court does not find that Defendant presents extraordinary and compelling circumstances, the Court need not address the 18 U.S.C. § 3553(a) factors.[4] *See* United States v. Owens, 996 F.3d 755, 759 (6th Cir. 2021) (holding "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.") (citation omitted); *see also* United States v. Elias, 984 F.3d 516

---

[4] Even if the Court were to fully address those factors, they would not support Defendant's release. The nature and circumstances of Defendant's offense, criminal history, and his lack of noncompliance and argumentativeness with medical staff indicate that he presents a danger to the community. Importantly, Defendant suffered the same medical condition of which he now complains when he violated federal law.

7

(1:22CR380)

(6th Cir. 2021) (upholding that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III. Conclusion

Because Defendant has failed to establish extraordinary and compelling circumstances for compassionate release, the Court denies Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 73).

IT IS SO ORDERED.

| | |
|---|---|
| March 14, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |